### ATLANTIC COAST LINE RD. CO. v. SPIEVACK.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3194. Decided Apr. 16, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

991. RAILROADS—396. Directed Verdict.

Carrier liable to shipper for loss of goods that occurs while in its possession. In absence of proof of condition and contents of box when Railroad Co. received it, carrier cannot be held liable for loss of goods. Absence of proof that box was delivered to railroad in same condition it was in when it left shipper's store, and contained same goods that shipper claimed he placed in it, constitutes failure of proof.

Error to Common Pleas.
Judgment reversed.

Freiberg, Avery & Simmonds, Cincinnati, for Coast Line Rd.

Dawson E. Bradley and Julius R. Samuels, Cincinnati, for Spievack.

FULL TEXT.

CUSHING, J.

Spievack brought an action in the Municipal Court of Cincinnati against the Atlantic Coast Line Railroad Company to recover damages for loss of a part of a shipment of goods which he claimed to have delivered to the Railroad Company on March 3, 1926, at Tampa, Florida.

The bill of particulars stated that the shipment consisted of ladies' wraps, coats, skirts, and dresses. Plaintiff alleged that he paid the freight charges on said shipment, that the defendant did not safely carry and deliver said goods, but negligently failed to do so, whereby a large part of the shipment was lost, to his damage in the sum of $730.00.

The record is that Spievack shipped certain goods from Cincinnati to his store in Ybor City, Florida; that he conducted a sale in said City for three weeks, at the conclusion of which he claimed to have packed certain goods in trunks and certain other goods in a wooden box about three or three and a half feet square. The box was delivered to an unknown drayman at Ybor City, who had the box in his possession for four or five hours. The Railroad Company on receipt of the box fixed its weight at 220 pounds. There is no evidence as to the weight of the box when it was delivered to the drayman in Ybor City, nor as to its weight upon its arrival in Cincinnati. According to the waybill, it was delivered to the Louisville and Nashville Railroad Company, which carrier in turn delivered it at Cincinnati.

It is claimed that when the box arrived in Cincinnati it had been tampered with, and part of the goods was missing. There is no evidence that the box was delivered to the Railroad Company in Tampa, Florida, in the same condition as when turned over to the drayman and packed with the same goods that Spievack claimed were placed in the box at Ybor City, Florida.

A carrier is liable to a shipper for the loss of goods that occurs while in its possession. In the absence of proof of the condition and contents of the box when the Railroad Company received it, the carrier cannot be held liable for loss of the goods.

Therefore, in the absence of any proof that the box was delivered to the Railroad in Tampa, Florida, in the same condition that it was in when it left Spievack's store and contained the same goods that the plaintiff below claimed he placed in the box at Ybor City, there was a failure of proof.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, will be reversed, and judgment will be entered here for the plaintiff in error.

(Hamilton, PJ., and Mills, J., concur.)